# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6999 | **DATE** | 11/30/2012 |
| **CASE TITLE** | Malekpour vs. LaHood | | |

**DOCKET ENTRY TEXT**

The Court grants Defendant's motion for a more definite statement and motion to strike the Federal Tort Claims Act ("FTCA") allegations from this lawsuit [15]. Plaintiff must file a Fourth Amended Complaint in accordance with this order by no later than 12/21/12. Status hearing set for 12/20/12 is stricken and reset to 1/23/12 at 8:30 a.m. The Clerk's Office is directed to mail plaintiff the form entitled "Complaint of Employment Discrimination" which can be found on the Clerk's Office website.

■[ For further details see text below.]                                                          Docketing to mail notices.

## STATEMENT

On October 26, 2012, pro se Plaintiff Sharham Malekpour filed the present Third Amended Complaint against Ray LaHood, Secretary of Transportation, alleging employment discrimination against his employer the Federal Aviation Administration ("FAA"). Before the Court is Defendant's motion to strike and for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) and 12(f). For the following reasons, the Court grants Defendant's motion for a more definite statement and motion to strike the Federal Tort Claims Act ("FTCA") allegations from this lawsuit. Plaintiff must file a Fourth Amended Complaint in accordance with this order by no later than December 21, 2012.

### LEGAL STANDARDS

**I.     Motion for a More Definite Statement – Rule 12(e)**

Under Rule 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). In general, motions for a more definite statement under Rule 12(e) are appropriate when a "pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513-14, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). "Rule 12(e) and related caselaw make it 'plain that the rule is designed to strike at unintelligibility rather than want of detail.'" *Flentye v. Kathrein,* 485 F.Supp.2d 903, 911 (N.D. Ill. 2007); *see also Direct Commc'ns, Inc. v. Horizon Retail Const., Inc.,* 387 F.Supp.2d 828, 831 (N.D. Ill. 2005) (Rule 12(e) motion is intended to eliminate confusion, not replace discovery).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## II. Motion to Strike – Rule 12(f)

"Rule 12(f) provides that a district court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Delta Consulting Group, Inc. v. R. Randle Const., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009) (quoting Fed.R.Civ.P. 12(f)). Motions to strike are appropriate if they serve to expedite litigation. *See Heller Fin., Inc. v. Midwhey Powder,* 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664 (7th Cir. 1992) (allegations may be stricken if matter bears no possible relation to controversy). District courts have considerable discretion to strike allegations under Rule 12(f). *See Delta,* 554 F.3d at 1141-42.

## ANALYSIS

Although courts must construe pro se pleadings liberally, *see Gomez v. Randle,* 680 F.3d 859, 864 (7th Cir. 2012), a plaintiff's pro se status does not absolve him from complying with federal and local procedural rules. *See Greer v. Board of Ed. of City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *see also McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). As such, to the best of his ability, Plaintiff is required to follow the federal notice pleading standards, specifically Federal Rule of Civil Procedure 8(a)(2). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted).

In Plaintiff's Third Amended Complaint – that is well over 50 pages long and contains countless attachments – it appears that Plaintiff is bringing employment discrimination claims against the FAA. Nevertheless, the bulk of Plaintiff's Third Amended Complaint speaks to violations of the Federal Torts Claims Act ("FTCA"), 28 U.S.C. 2671, *et seq.* The FTCA "is the exclusive remedy for any tort claim resulting from the negligence of a government employee acting within the scope of employment." *Couch v. United States,* 694 F.3d 852, 856 (7th Cir. 2012), whereas, Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. General Servs. Admin.,* 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). In other words, Title VII preempts Plaintiff's FTCA claims that are based on his employment discrimination allegations. *See Pueschel v. United States,* 369 F.3d 345, 348 (4th Cir. 2004); *Mathis v. Henderson,* 243 F.3d 446, 449 (8th Cir. 2001). Therefore, the Court grants Defendant's motion to strike Plaintiff's FTCA allegations from this lawsuit.

Meanwhile, attached to Plaintiff's Third Amended Complaint is an Agency Decision dated December 16, 2011 allowing Plaintiff the right to file a civil action based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. *See Smith v. Potter*, 445 F.3d 1000, 1002 n.1 (7th Cir. 2006) (When a federal employee wants to file a federal lawsuit based on unlawful employment discrimination, the employee must first follow certain administrative procedures pursuant to 29 CFR § 1614.101, *et seq.*). In fact, Defendant admits that Plaintiff has administratively exhausted a hostile work environment claim based on race, national origin, religion, and retaliation.

In his Third Amended Complaint, however, Plaintiff takes issue with the Agency's decision instead of setting forth his employment discrimination claims under Title VII. In his Fourth Amended Complaint, Plaintiff must precisely state the facts that are the basis of his hostile work environment claim, such as his religion, race, and national origin. Further, Plaintiff should describe additional facts underlying his hostile work environment

claim, such as who was involved and the circumstances surrounding the alleged harassment. Plaintiff, however need not attach additional documents to his Fourth Amended Complaint, especially because Defendant concedes that he has exhausted his Title VII claims. Finally, the Court directs Plaintiff's attention to the Northern District of Illinois website that contains a form for employment discrimination cases. [www.ilnd.uscourts.gov](www.ilnd.uscourts.gov)